W. F. Johnston, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 15298. Promulgated July 9, 1928.

*A. F. Schaetzle, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

Littleton : The Commissioner determined a deficiency in income tax of $1,643.75 for 1921. Petitioner claims that the Commissioner erred in refusing to allow him a deduction for this year of a debt of $12,600 which he claims to have determined to be worthless and charged off in the taxable year.

FINDINGS OF FACT.

Petitioner is a resident of Des Moines, Iowa. Some time prior to February, 1919, petitioner met one Everett W. Trook, a lawyer of Indianapolis, Ind., at Natchez, Miss., where Trook was acquiring or looking after certain land interests in that vicinity. Trook discussed with petitioner a certain corporation known as the Spring Steel Fence Co., which he had organized at Anderson, Ind., and, as a result of the discussion, Trook borrowed of petitioner $20,000, for which he gave his promissory note and attached thereto as collateral certain stock which he owned in the Spring Steel Fence Co. The loan was made February 14, 1919, and Trook's promissory note, which bore interest at 8 per cent, was due June 1, 1919. The Spring Steel Fence Co. was unsuccessful and went out of business sometime in the year 1919. In January, 1920, Trook, who was president and the sole stockholder of the corporation, disposed of certain of the assets of the corporation for $7,400 and paid this amount to the petitioner on his note on January 14, 1920. Petitioner made numerous efforts by correspondence to collect the balance of the note from Trook and was advised by Trook that he had been unable to dispose of all of the assets of the corporation. Some time in 1921 petitioner, not having received further payments on the note, arranged to meet Trook in Chicago for the purpose of making some definite arrangement about payment of the balance on the note. At the conference Trook advised petitioner that he would be unable to obtain anything further from the disposition of the assets of the corporation and that he had no assets of his own out of which the balance on the note could be paid. He offered to confess judgment on the note. Upon receiving this information petitioner determined the balance of $12,600 to be worthless and charged the same off on his books and claimed that

amount as a deduction from his gross income in his tax return for the year 1921. The balance of the debt, amounting to $12,600, was properly determined by the petitioner to be worthless and charged off his books within the year 1921, and was a proper deduction from gross income for that year.

*Judgment will be entered under Rule 50.*